# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN STAWIARSKI and SUMMERLEE STAWIARSKI,   Plaintiffs,   v.   SUMMIT HILL BOROUGH,   Defendant. | CIVIL ACTION NO. 3:06-CV-0668   (JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is Defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. 5). For the reasons set forth below, the Motion to Dismiss will be granted. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.[1]

## **BACKGROUND**

Plaintiffs in this action are the owners of a parcel of land located in Summit Hill Borough, Pennsylvania. (Doc. 1 p. 9.) In or about March of 2001, Plaintiffs leased the aforementioned property to SBA Properties, Inc. at the rate of $650.00 per month for a five-year term for placement of a cell tower. (Doc. 1 p. 9.) Pursuant to the aforementioned lease, SBA Properties filed zoning applications on April 20, 2001 and May 1, 2001. (Doc. 1 p. 10.)

The following is alleged by Plaintiffs in their Complaint:

On or about May 25, 2001, SBA's zoning application was denied by the Borough.

---

[1] The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

Plaintiffs filed an appeal of this denial on May 25, 2001.  (Doc. 1 p. 10.)  The Zoning Board of Summit Hill held a hearing in regard to this appeal on August 1, 2001 at which they declined to grant an approval pursuant to 53 P.S. § 10908(9).  (Doc. 1 p. 10.)

On December 10, 2001, the Borough of Summit Hill passed a zoning ordinance regulating cell towers.  (Doc. 1 p. 10.)  Subsequently, the Borough re-zoned a parcel of its own property to conform to this new ordinance.  (Doc. 1 p. 10.)

On or about July 29, 2002, the Borough of Summit Hill entered into a lease agreement with Atlas Tower Network, Inc. ("Atlas") for the recently re-zoned property owned by the Borough.  (Doc. 1 p. 10.)  On February 12, 2003, the Borough formally leased the property to Atlas.  (Doc. 1 p. 11.)  Pursuant to this lease, Atlas filed a zoning application and permit for approval on or about May 9, 2003.  (Doc. 1 p. 11.)  That application was approved on May 12, 2003 without a hearing.  (Doc. 1 p. 11.)

Plaintiffs' Complaint was filed in the Court of Common Pleas of Carbon County on February 11, 2005.  (Doc. 1 p. 9.)  On March 31, 2006, the case was removed to this Court.  (Doc. 1 p. 1.)  Defendant filed the present Motion to Dismiss on April 5, 2006 (Doc. 5), along with a supporting brief (Doc. 6).  Plaintiffs filed a brief in opposition on May 25, 2006 (Doc. 7), and on June 9, 2006 Defendant filed a reply brief.  (Doc. 10.)

This motion is fully briefed and ripe for disposition.

**LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint."  *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions."  *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether the plaintiff will ultimately prevail.  *See id.*  In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred.  *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  The defendant bears the burden of

establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

Plaintiffs' Complaint originally set forth claims for violations of procedural and substantive due process rights, and for tortious interference with contractual relations. Plaintiffs' brief in opposition to Defendant's motion to dismiss, however, states that the Court should dismiss their claims for procedural due process and tortious interference with contractual relations.  Accordingly, the Court will dismiss those claims.  Therefore, the only remaining issue before the Court is Plaintiffs' substantive due process claim.

The statute of limitations for a claim under 42 U.S.C. § 1983, alleging a substantive due process violation, is two years.  *Cowell v. Palmer Twp.*, 263 F.3d 286, 291 (3d Cir. 2001).  The date on which Plaintiffs' cause of action accrued was "when the plaintiff[s] knew or should have known of the injury upon which [their] action is based." *Sameric Corp. of Del., Inc.  v. City of Phila*., 142 F.3d 582 (3d Cir. 1998).  In cases such as this, where a zoning variance has been denied, the date which implicates the statute of limitations is the date upon which the zoning board denies the zoning application.  *See Soppick v. Borough of West Conshohocken*, 118 Fed.Appx. 631, 634 (3d Cir. 2004) (holding that an injury stemming from the "stop work" order occurred on the date the "stop work" order was received); *Sameric Corp.*, 142 F.3d at 599-600 (stating that a cause of action based upon improper denial of a demolition permit accrued when the permit application was denied, despite the pendency of state court proceedings challenging the designation upon which the denial was premised).  In this case, the

variance denial came on May 25, 2001. Accordingly, this is the date upon which Plaintiffs suffered the injury upon which their action is based.

Having determined the date upon which the statute of limitations began to run, the Court must then consider whether any action taken by the Plaintiffs served to toll the statute. *See Botton v. Marple Twp.*, 689 F.Supp. 477 (E.D. Pa. 1988) (holding that injury continued until relief in state court was final, tolling the statute of limitations until that date). Plaintiffs' Complaint indicates that, upon denial of the zoning application on May 25, 2001, they appealed the decision. (Doc. 1 p. 10.) The zoning board held a hearing on August 1, 2001 in which it denied Plaintiffs' appeal. (Doc. 1 p. 10.) The Complaint indicates no further legal action taken by Plaintiffs. Therefore, the date by which Plaintiffs had to file their Complaint was August 1, 2003, two years after the denial of their appeal. *See Sameric Corp.*, 142 F.3d at 599*; Botton*, 689 F.Supp. at 480. This action was not filed until February 11, 2005. That date falls well outside of the two-year statute of limitations for the filing of a due process claim under § 1983. Accordingly, I hold that Plaintiffs' substantive due process claim is time-barred by the applicable statute of limitations.

## CONCLUSION

For the reasons set forth above, the Court shall grant Defendants' motions to dismiss. An appropriate Order will follow.

<u>October 20, 2006</u>                           /s/ A. Richard Caputo
Date                                     A. Richard Caputo
                                         United States District Judge

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

STEPHEN STAWIARSKI and
SUMMERLEE STAWIARSKI,

    Plaintiffs,

        v.

SUMMIT HILL BOROUGH,

    Defendant.

CIVIL ACTION NO. 3:06-CV-0668

(JUDGE CAPUTO)

## ORDER

**NOW**, this   20th   day of October, 2006, **IT IS HEREBY ORDERED** that:

(1)    Defendants' Motion to Dismiss (Doc.  5), is **GRANTED**.

(2)    The Clerk of the Court shall mark this case **CLOSED**.

                                        /s/ A. Richard Caputo
                                        A. Richard Caputo
                                        United States District Judge